UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| AARON LEE METZ,<br><br>                    Plaintiff,<br><br>     v.<br><br>C. SABO ,<br><br>                    Defendant. | CASE NO. 3:20-cv-06242-RSM-BAT<br><br>**REPORT AND RECOMMENDATION** |

Plaintiff filed a §1983 complaint against C. Sabo "for denying me to clean CPAP machine." Dkt. 9. He now moves the Court to order "Law Library assess." Dkt. 13. Plaintiff contends due to "CVOID" the "computer law library is not fully operational" and the "jail refuses to give me access to law books." *Id.* The Court recommends the motion, Dkt. 13, be DENIED.

A prisoner does not have "an abstract, freestanding right to a law library or legal assistance." *Lewis v. Casey*, 518 U.S. 343, 351 (1996). Unless there are unusual and compelling circumstances, federal courts should not interfere with day-to-day prison administration decisions. *See Turner v. Safley*, 482 U.S. 78, 84–86 (1987); *Wright v. Rushen*, 642 F.2d 1129, 1132 (9th Cir. 1981) (courts should avoid enmeshing themselves in minutiae of prison operations). An order giving plaintiff special access to the law library is intrusive into the jail's operations at a time when many prisoners want access to the law library and jail officials are

REPORT AND RECOMMENDATION - 1

attempting to address the Covid-19 pandemic. Moreover, the relief appears to be sought against nonparties. There is no indication the defendants, who allegedly denied Plaintiff adequate medical care, set the law library schedule or practices. *See Hirano v. Sand Island Treatment Center*, 2021 WL 54504 at * 8 (D. HI., Jan. 6, 2021) ("This Court lacks jurisdiction to issue an order against FDC-Honolulu officials because they are not parties to this case. *See Zepeda v. INS*, 753 F.2d 719, 727 (9th Cir. 1983) (noting that a federal court "may not attempt to determine the rights of persons not before the court"); *see also Patten v. Stone*, 623 F. App'x 893, 894 (9th Cir. 2015) (concluding that district court did not abuse its discretion in denying prisoner's request for increased access to the law library because prison officials were not parties to the action).").

For the foregoing reasons the Court recommends DENYING Plaintiff's motion for library access. Dkt. 13.

**OBJECTIONS AND APPEAL**

Any objection to this recommendation must be filed and served upon all parties no later than **April 12, 2021.** The Clerk should note the matter for **April 16, 2021**, as ready for the District Judge's consideration if no objection is filed. If objections are filed, any response is due within 14 days after being served with the objections. A party filing an objection must note the matter for the Court's consideration 14 days from the date the objection is filed and served. The matter will then be ready for the Court's consideration on the date the response is due. Objections and responses shall not exceed 8 pages. The failure to timely object may affect the right to appeal.

DATED this 22nd day of March, 2021.

_____
BRIAN A. TSUCHIDA United States
Magistrate Judge

REPORT AND RECOMMENDATION - 2

REPORT AND RECOMMENDATION - 3