UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| AARON LEE METZ,<br><br>          Plaintiff,<br><br>   v.<br><br>C. SABO ,<br><br>          Defendant. | CASE NO. 3:20-cv-06242-RSM-BAT<br><br>**REPORT AND RECOMMENDATION ON MOTION TO TAKE DIRECT ACTION** |

In December 2020, Plaintiff submitted for filing a §1983 complaint against C. Sabo "for denying me to clean CPAP machine." Dkt. 1, 9. On March 29, 2021, Plaintiff filed a "Motion Ask Court Take Direct Action." Dkt. 15. In this motion, Plaintiff asks the Court to "impose an order for my CPAP machine water." *Id.* The motion indicates Plaintiff seeks Court action "because its sometimes impossible to get the officers attention at night." *Id.* The Court construes Plaintiff's motion as a request for preliminary injunctive relief. Having considered the motion and the balance of the record, the Court recommends the motion be DENIED.

Plaintiff requests the Court "impose an order for my CPAP machine water." This is a mandatory request for preliminary injunctive relief and when such relief is requested a district court should deny such relief unless the facts and law clearly favor the moving party." *Stanley v. Univ. of S. Cal.*, 13 F.3d 1313, 1320 (9th Cir.1994); accord *Park Vill. Apartment Tenants Ass'n v.*

REPORT AND RECOMMENDATION ON
MOTION TO TAKE DIRECT ACTION - 1

*Mortimer Howard Trust*, 636 F.3d 1150, 1160 (9th Cir.2011), cert. denied, 132 S. Ct. 756. ("[A] mandatory injunction is particularly disfavored. In general, mandatory injunctions are not granted unless extreme or very serious damage will result[,] and are not issued in doubtful cases.").

Preliminary injunctive relief is designed to preserve the status quo ante litem pending a determination of the action on the merits. *Los Angeles Memorial Coliseum Comm'n v. National Football League*, 634 F.2d 1197, 1200 (9th Cir. 1980). The standards for issuing temporary restraining orders are "substantially identical" to the standards for issuing preliminary injunctions. *Stuhlbarg Intern. Sales Co., Inc. v. John D. Brushy & Co., Inc.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001). Additionally, as this is a prisoner lawsuit, prospective relief is governed by the Prison Litigation Reform Act (PLRA) which provides:

> The court shall not grant or approve any prospective relief unless the court finds that such relief is narrowly drawn, extends no further than necessary to correct the violation of a Federal right, and is the least intrusive means necessary to correct the violation of the Federal right. The court shall give substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the relief.

18 U.S.C. § 3626(a)(1)(A); *see Gomez v. Vernon,* 255 F.3d 1118, 1129 (9th Cir. 2001).

Preliminary relief is granted sparingly, and only in clear cases. *Rizzo v. Goode*, 423 U.S. 362, 378 (1976). Internal security and safety of jails is a matter that is typically left to the jail administrators, allowing an even more deferential standard. *See Lewis v. Casey*, 518 U.S. 343, 361 (1996); *Turner v. Safley,* 482 U.S. 78, 85 (1987). State prison administration is a "task that has been committed to the responsibility of [executive and legislative] branches and separation of powers concerns counsels a policy of judicial restraint. Where a state penal system is involved federal courts have ... additional reason to accord deference to the appropriate prison authorities." *Id.*, 482 U.S. at 85.

REPORT AND RECOMMENDATION ON
MOTION TO TAKE DIRECT ACTION - 2

Parties seeking injunctive relief must show that they are likely to succeed on the merits, that they are likely to suffer irreparable harm without preliminary relief, that the balance of equities tips in their favor, and that an injunction is in the public interest. *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). The Ninth Circuit has set forth a "serious questions" variation of this standard, under which "a preliminary injunction is proper if there are serious questions going to the merits; there is a likelihood of irreparable injury to the plaintiff; the balance of hardships tips sharply in favor of the plaintiff; and the injunction is in the public interest." *Lopez v. Brewer*, 680 F.3d 1068, 1072 (9th Cir. 2012).

Moreover, plaintiff must show more than a mere "possibility" of irreparable harm, but instead must "demonstrate that irreparable injury is likely. To fulfill the "irreparable harm" requirement, the moving party "must do more than merely allege imminent harm," but "must demonstrate immediate threatened injury." *Associated Gen. Contractors of California, Inc. v. Coal. for Econ. Equity*, 950 F.2d 1401, 1410 (9th Cir. 1991).

Here, Plaintiff's request for injunctive relief flows from his claim he has been denied CPAP supplies since 2019. His complaint specifically alleges "1-10-2020 Asked for Grievance for CPAP supplies it's been 7 months since I've been denied." Dkt. 9 at 2. The long-standing problems Plaintiff alleges he has had regarding CPAP supplies, undermines any claim of immediate threatened injury, which is required to grant preliminary relief. Additionally, there is no indication Plaintiff has raised his specific request with the jail at which he is detained, or whether if a request was made and denied. The Court should not grant preliminary injunctive relief and order the jail to perform certain acts when the jail was not even informed of omission alleged here. Further, there is no indication Plaintiff grieved the matter over which he seeks injunctive relief, which is a prerequisite for bringing prisoner civil rights lawsuits. For these

REPORT AND RECOMMENDATION ON
MOTION TO TAKE DIRECT ACTION - 3

reasons the Court recommends the motion, Dkt. 15, that the Court impose an order for CPAP water be DENIED.

**OBJECTIONS AND APPEAL**

Any objection to this recommendation must be filed and served upon all parties no later than **April 21, 2021.** The Clerk should note the matter for **April 23, 2021**, as ready for the District Judge's consideration if no objection is filed. If objections are filed, any response is due within 14 days after being served with the objections. A party filing an objection must note the matter for the Court's consideration 14 days from the date the objection is filed and served. The matter will then be ready for the Court's consideration on the date the response is due. Objections and responses shall not exceed 8 pages. The failure to timely object may affect the right to appeal.

DATED this 7th day of April 2021.

_____
BRIAN A. TSUCHIDA United States Magistrate Judge