UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| AARON LEE METZ,<br><br>                Plaintiff,<br><br>   v.<br><br>C. SABO<br><br>                Defendant. | CASE NO. 3:20-cv-06242-RSM-BAT<br><br>**REPORT AND RECOMMENDATION** |

Plaintiff, while a prisoner at the Pierce County Jail,[1] filed a *pro se* complaint under 42 U.S.C. § 1983 against C. Sabo, an unknown HSA medical administrator, and Genga L. Pero. Dkt. 9. The Court ordered service on defendant Sabo who on April 6, 2021 filed a motion to dismiss the complaint under Fed. R. Civ. P. 12(b) for failure to state a claim upon which relief may be granted. Dkt. 17. Defendant Sabo also filed the required *Rand* and *Woods* notices. Dkt. 18. The motion to dismiss was noted for April 30, 2021 as ready for the Court's consideration and is therefore ripe for review.

---

[1] It appears Plaintiff is no longer detained at the Pierce County Jail because mail the Court sent Plaintiff on April 7, 2021 was returned stamped "Not Here Return to Sender." *See* Dkts. 22, 23. Defendant Sabo also indicates the motion to dismiss sent to Plaintiff was returned as The Court's docket reflects Defendant's motion for summary judgment has not been returned. As of this date, Plaintiff has not filed a notice of change of address.

REPORT AND RECOMMENDATION - 1

The Court has considered the pleadings and record and recommends defendant's motion to dismiss be GRANTED and the complaint be DISMISSED with prejudice. The other defendants have not been served because the HSA medical administrator defendant is unknown, and the complaint states no claim for relief against the either remaining defendant. The Court accordingly recommends the balance of the Complaint be DISMISSED with prejudice.

## DISCUSSION

Plaintiff has filed a complaint against Defendants, in their personal capacity, seeking relief under 42 U.S.C. § 1983. Dkt. 9 at 1. In order to sustain an action under § 1983, Plaintiff must show (1) he suffered a violation of rights protected by the Constitution or created by federal statute, and (2) the violation was proximately caused by a person acting under color of state or federal law. *See Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991).

Plaintiff alleges he was denied proper medical care in violation of the Eighth Amendment. The government has an obligation to provide medical care for prisoners. The Eighth Amendment proscribes deliberate indifference to a prisoner's serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 103 (1976). To establish "deliberate indifference," a prisoner must show a defendant purposefully ignored or failed to respond to the prisoner's pain or possible medical need. *Id*. at 104. A determination of "deliberate indifference" involves an examination of two elements: (1) the seriousness of the prisoner's medical need; and (2) the nature of the defendant's response to that need. *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir.1992).

Mere negligence in diagnosing or treating a medical condition, without more, does not violate a prisoner's Eighth Amendment rights. *Hutchinson v. United States*, 838 F.2d 390, 394 (9th Cir.1988). Further, a prisoner can make no claim for deliberate medical indifference unless

REPORT AND RECOMMENDATION - 2

the denial was harmful. *McGuckin*, 974 F.2d at 1060; *Shapely v. Nevada Bd. of State Prison Comm'rs.*, 766 F.2d 404, 407 (9th Cir.1985).

The complaint in this case sets forth virtually no facts regarding Defendant Sabo, and no facts to state a claim upon which relief may be granted. *See* Complaint at Dkt. 9. Plaintiff sues all Defendants in their personal capacity. *Id.* at 1. The complaint alleges under the statement of facts:

> How do I go about getting my CPAP cleaned and sanitized? Response Clean it with soap and water hang it up to dry by Sabo C. Told by unknown nurse that medical supplies had to come from my family. Have asked numerous times for CPAP supplies and to clean CPAP. Was told to clean it in the shower. Asked if family could drop off CPAP supplies. Response Thomson Your family may drop off supplies. Ask again about CPAP supplies due to the fact I have insurance. No response to my request was told that I could be helped by medical. Asked for grievance for CPAP supplies its been 7 months I've been denied medical treatment. Suit Flowers you can talk to the captain about CPAP supplies been 7 months no supplies or no reply to my medical kites. Response Genga L – Lt. Pedro please follow up on his kite? Slothower your CPAP supplies have been ordered.

*Id.* at 1-2.

In response to the complaint, Defendant Sabo, the only served Defendant, filed on April 6, 2021, a motion to dismiss the complaint under Fed. R. Civ. P. 12(b)(6). Dkt. 17. Federal Rule of Civil Procedure 12(b)(6) permits dismissal for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Dismissal under Rule 12(b)(6) is appropriate where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir.1990).

To sufficiently state a claim to relief and survive a Rule 12(b)(6) motion, a complaint "does not need detailed factual allegations" but the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555

REPORT AND RECOMMENDATION - 3

(2007). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (quoting Fed. R. Civ. P. 8(a)(2)). *See also Ashcroft v. Iqbal*, 556 U.S. 662, 678 ("A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do. . . Nor does a complaint suffice if it tenders "naked assertion[s]' devoid of 'further factual enhancement.'") (citations omitted).

"Generally, the scope of review on a motion to dismiss for failure to state a claim is limited to the contents of the complaint." *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006). However, the Court may utilize "attached exhibits, documents incorporated by reference, and matters properly subject to judicial notice." *In re NVIDIA Corp. Sec. Litig.*, 768 F.3d 1046, 1051 (9th Cir. 2014).

In the 12(b) motion, Defendant Sabo correctly contends the only mention the complaint makes of Nurse Sabo is that Plaintiff asked the nurse how to clean the CPAP and the nurse responded he should clean it with soap and water. The complaint thus avers Plaintiff asked Defendant Sabo a question about his CPAP and Defendant Sabo responded to his question. There is thus nothing showing Defendant ignored Plaintiff or was otherwise deliberately indifferent to Plaintiff's question. The complaint falls far short of establishing Defendant Sabo violated Plaintiff's constitutional rights by being indifferent to his medical needs, and the claims against this Defendant should therefore be dismissed with prejudice.

Plaintiff also names an unknown HSA medical administrator as defendant. This Defendant was not served because this individual is unknown and because the statement of facts in the complaint sets forth no facts establishing an unknown HAS medical administrator's

REPORT AND RECOMMENDATION - 4

personal actions violated Plaintiff's rights regarding his CPAP. The Court notes that under Claims for Relief, the complaint avers:

> Defendant HAS is a medical administrator presently unknown responsible for ensuring provisions of medical care for inmates specifically for scheduling appointments for inmates outside the jail for specialized treatment constitutes deliberate indifference to my serious medical needs in violation of the Eighth Amendment of the United States Constitution.

Dkt. 9 at 2. This conclusory allegation does not set forth any facts that the HAS administrator was deliberately indifferent to Plaintiff's medical needs. It is a "naked assertion" devoid of "further factual enhancement" baldly stating a violation of a constitutional right occurred and thus fails to state a claim for relief. The Claim against the unknown administrator should accordingly be dismissed.

And lastly, the complaint names Defendant Genga Pena. This Defendant was also not served because the statement of facts in the complaint only states "Response Genga L – Lt. Pedro please follow up on his kite?" *Id.* That the complaint avers Defendant Genga responded to Plaintiff's kite or grievance does not establish a violation of any constitutional right.

The complaint under the Claims for Relief also avers "The Defendant (Genga L. Pero) whos [unreadable] is to file Grievance and call to attention those responsible the denial of a grievance is a violation of my Fourteenth Amendment of the United States Constitution Due Process Law." *Id.* at 3. It is unclear what Plaintiff alleges here; thus on its face, this allegation does not state a claim for relief. To the extent Plaintiff is claiming there was a break-down of some kind in the grievance process, that allegation is a naked assertion and therefore does not state a claim for relief. Additionally, the claim there was a breakdown in the grievance process is not actionable and should be dismissed. *See Harbridge v. Schwarzenegger*, 752 Fed. App. 395, 398 (9th Cir. 2018) (Court properly dismissed "Harbridge's due process claims based on a

REPORT AND RECOMMENDATION - 5

dysfunctional prison grievance system because Harbridge did not have a protected liberty interest in any particular grievance system. *See Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003) (no protected liberty interest in any particular grievance system)").

For the foregoing reasons, the Court recommends GRANTING Defendant Sabo's motion to dismiss and DISMISSING the claims against her. The Court also recommends DISMISSING the claims against the other defendants.

## OBJECTIONS AND APPEAL

This Report and Recommendation is not an appealable order.  Therefore, a notice of appeal seeking review in the Court of Appeals for the Ninth Circuit should not be filed until the assigned District Judge enters a judgment in the case.

Objections, however, may be filed and served upon all parties no later than **May 18, 2021.**  The Clerk should note the matter for **May 21, 2021**, as ready for the District Judge's consideration if no objection is filed.  If objections are filed, any response is due within 14 days after being served with the objections.  A party filing an objection must note the matter for the Court's consideration 14 days from the date the objection is filed and served.  The matter will then be ready for the Court's consideration on the date the response is due.  Objections and responses shall not exceed 8 pages.  The failure to timely object may affect the right to appeal.

DATED this 4th day of May 2021.

_____
BRIAN A. TSUCHIDA
Chief United States Magistrate Judge